DARBY v. STRIBLING.

Where a guardian used his own Confederate money—not the funds of his ward, nor raised by him for the special purpose from collections of his own *ante bellum* assets or otherwise—in paying a judgment against his ward's estate, he can, on accounting with his wards, claim credit for

so much only as Confederate money was worth at the time of his payment.

Before PRESSLEY, J., Abbeville, April, 1885.

In this case, Mr. Justice McGowan having been of counsel, did not sit. These were three actions heard together—E. J. Darby against J. V. Stribling, as administrator of James C. Willard, deceased; M. A. Murphy against the same, and N. J. Wiley against the same. The opinion states the case.

*Mr. S. C. Cason,* for appellant, cited 14 *S. C.,* 274.

*Messrs. Parker & McGowan,* contra, cited 1 *Story Eq.,* § 322; *Hill Trust,* *802; *Perry Trusts,* §§ 427–429; 11 *S. C.,* 152; 16 *Id.,* 620.

March 18, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs, who were wards of the defendant's intestate, one J. C. Willard, guardian, sought an accounting for their estate in the hands of said guardian. The estate consisted of a note for $900. In 1874 the guardian received $300 on this note in full, the note having been given in the purchase of slaves, and the Circuit Court having scaled the note to that amount. On appeal this court held that the guardian should account for the full amount of the note under the facts, and the master was required to state the accounts. See 22 *S. C.,* 243.

Upon this accounting it appeared that the guardian had paid off a judgment against his wards amounting to $138.89, $46.29 for each of his three wards. This payment was made in 1863 with Confederate money, not collected on the note but out of the guardian's own Confederate money. On the accounting the defendant claimed that he should have a credit for the full sum paid as above with interest, which was allowed by the master. Upon exception to the Circuit Court, his honor Judge Pressley presiding, sustained the exception and recommitted the report with instructions that the payment "be scaled to the true value

of lawful money with interest." The appeal here involves the correctness of this ruling of the Circuit Judge.

It is a well established principle that a trustee cannot make profit or advantage to himself in the management of a trust estate. Here it is admitted that the guardian did not make the payment in question with money which he had collected on the note of his wards, Confederate or otherwise, for he had collected none; but he made it with Confederate money of his own with no evidence or claim that this money was raised by the guardian by collection of ante-war notes belonging to him; or in any way except at its depreciated value, still holding the note in full. Such being the fact, to allow him a credit for the face of the payment as against the wards, with the right to reimburse himself out of the note for that amount in lawful currency, would be a clear violation of the principle above referred to. There was no error, therefore, in the decree of the Circuit Judge, under the facts of the case, ordering a reaccounting with instructions that the payment made be scaled to the value of the Confederate money used.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.